**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR CHAVEZ,<br>Petitioner,<br>v.<br>JEFFREY BEARD,<br>Respondent. | Case No. ED CV 14-1222 DDP (MRW)<br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court vacates the reference of this action to the Magistrate Judge and grants the Attorney General's unopposed motion to dismiss the action.

* * *

Petitioner is a state prisoner. Petitioner filed a habeas action in this Court contending that he had been unfairly denied custody credits as a result of federal prison litigation in another district. (Docket # 1 at 5, 4 at 2.) The Attorney General subsequently moved to dismiss the action. (Docket # 4.) The Attorney General argued, among other things, that the claim in the petition is unexhausted because Petitioner never sought review in state court.

The Court (Magistrate Judge Wilner) informed Petitioner in August 2014 of his obligation to respond to the Attorney General's dismissal motion. (Docket # 5.) The magistrate judge specifically informed Petitioner that the Court could consider the motion unopposed – and consented to – under the Local Rules unless Petitioner filed a response. The Court also advised Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case. (Id.)

Petitioner failed to file a response to the motion by the date set forth in the Court's order. At some point, Petitioner was transferred from one state prison facility to another. However, Petitioner failed to update his mailing address with the Court. In October 2014, Judge Wilner issued a second order setting a new deadline for the Petitioner's response and directing the Clerk to send another copy of the dismissal motion to Petitioner. (Docket # 6.)

Petitioner again failed to file a response to the motion by the Court's deadline. In November 2014, Judge Wilner issued a third order: an order to show cause directing Petitioner to explain why the action should not be dismissed. (Docket # 7.) Petitioner did not respond to that order, either.

* * *

Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion." That rule fully applies to the present dismissal motion. The Attorney General plausibly established that Petitioner failed to exhaust his state remedies. Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the case.

Dismissal is also proper under Rule 41(b). Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal may

be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim and leads to a dismissal of the action with prejudice. However, when the dismissal is "for lack of jurisdiction" (such as when a habeas claim is unexhausted), the dismissal should be without prejudice. See, e.g., Fisher v. Clark, No. CV 13-8600 VBF (MAN), 2014 WL 1457816 (C.D. Cal. 2014) (dismissal of habeas petition without prejudice for lack of subject-matter jurisdiction where petition was fully unexhausted).

Petitioner's failure to prosecute this action – or to respond to the Court's orders requiring him to do so – warrants dismissal under Rule 41(b). Petitioner failed to respond to the court's multiple orders requiring him to: (a) respond to the Attorney General's dismissal motion; and (b) show cause regarding the status of the action. (Docket # 5, 6, 7.) The public, the Court, and the state have a significant interest in the resolution of this case. Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits. Moreover, given Petitioner's failure to respond to the Court's orders, there are no "less drastic sanctions" available to the Court other than a dismissal of the action. Omstead, 594 F.3d at 1084. Rule 41 therefore provides an additional basis for dismissing the action without prejudice due to the Court's lack of jurisdiction over the matter.

Therefore, this action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: 5/6/15

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE